```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                           ATHENS DIVISION
```

CORRPRO COMPANIES, INC.,           *
an Ohio Corporation
                                   *
         Plaintiff,
                                   *
vs.
                                   *    CASE NO. 3:03-CV-31 (CDL)
CRAIG K. MEIER, DEBORAH L.
MEIER, and CORROSION CONTROL,      *
INC., d/b/a CCI, a Georgia
Corporation,                       *

         Defendants.               *


                              O R D E R

   This lawsuit arises from the departure of Defendants Craig K. Meier and Deborah L. Meier from Plaintiff's employment and the Defendants' subsequent formation of Defendant Corrosion Control, Inc., to compete with Plaintiff. Plaintiff, in its multiple count and often confusing Complaint, alleges numerous causes of action based upon the Meier Defendants conduct while employed with Plaintiff as well as their conduct subsequent to the termination of their employment. Defendants have filed motions for summary judgment as to all of Plaintiff's claims. Curiously, Defendants have filed two separate motions—one motion addresses Plaintiff's claims for trademark infringement and the other motion addresses Plaintiff's remaining claims. For the following reasons, the Court grants Defendants' motion (Doc. 106) as to Plaintiff's trademark claims. The Court strikes Defendants' motion as to the remaining claims (Doc.

108) because the Court finds that Defendants violated this Court's Order that denied Defendants' request that they be allowed to file a fifty page brief in support of their Motion for Summary Judgment. Consideration of that motion would result in a condonation of Defendants' inexcusable attempt to circumvent a ruling of the Court.

DEFENDANTS' ATTEMPT TO CIRCUMVENT THE COURT'S ORDER

On January 11, 2006, in preparation for filing a motion for summary judgment as to all of Plaintiff's claims, Defendants filed a motion to exceed the Court's twenty page limit on briefs. Defendants requested that they be permitted to file a brief not to exceed fifty pages in length. The Court denied Defendants' request for a fifty page brief on January 12, 2006, but permitted Defendants to file a brief not to exceed thirty-five pages. (Order, Jan. 12, 2006.) Five days later, Defendants, instead of filing one motion for summary judgment as obviously contemplated by their request for an extension of the page limit, decided to split their summary judgment motion into two separate motions—one addressing Plaintiff's trademark claims and the other addressing the remaining claims. This crafty maneuver allowed Defendants to file two separate briefs, one twenty-one pages long and the other thirty-five pages long, in an attempt to technically comply with the Court's Order limiting the summary judgment brief to thirty-five pages. In a further slick attempt to disguise from the Court what they were truly doing, Defendants described one of their summary judgment motions as a "Motion to

2

Dismiss or Alternative Motion for Partial Summary Judgment."[1] The Court must reach the regrettable conclusion that Defendants' counsel filed the two separate motions for the primary purpose of circumventing the Court's Order denying Defendants' request that they be allowed to file a brief not to exceed fifty pages. Such practice will not be condoned by this Court.

Based on the foregoing, the Court finds that Defendants' second Motion for Summary Judgment (Doc. 108) does not comply with the rules and Order of this Court. Accordingly, that motion is summarily denied.[2] The Court will consider Defendants' first filed Motion for Partial Summary Judgment regarding Plaintiff's trademark claims.

## BACKGROUND

Plaintiff, Corrpro Companies, Inc. ("Plaintiff" or "Corrpro"), designs, develops, manufactures, markets, distributes, and sells products and processes that prevent and control the corrosion and deterioration of underground storage tanks and piping. Defendants Craig and Deborah Meier (collectively "Meier Defendants") worked for

---

[1] Defendants' counsel surely knew that their "motion to dismiss" must be converted to a motion for summary judgment, since it required the Court to consider material outside of the Complaint. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005).

[2] The Court recognizes that this ruling as a practical matter will not ultimately prejudice Defendants' right to have certain claims by Plaintiff disposed of as a matter of law at trial. After much consideration, however, the Court has decided not to impose more serious sanctions at this time. The Court is confident that today's ruling will capture the attention of Defendants' counsel and remind them of their solemn duty of candor that they owe the Court as its officers. Any similar future conduct will certainly be met with a more severe response.

3

Corrpro's regional office in Conyers, Georgia until their employment was terminated in August 1999. Defendant Craig Meier was a district manager for Corrpro, and Defendant Deborah Meier was an office manager.

After leaving Corrpro, the Meier Defendants started their own corrosion prevention and control company, Defendant Corrosion Control, Inc. Plaintiff claims Defendant Corrosion Control has violated Corrpro's trademark rights by using the acronym "CCI" to refer to Corrosion Control. Since no reasonable factfinder could conclude that there is a likelihood of confusion between Plaintiff's trademark and Defendants' use of the acronym "CCI," the Court grants Defendants' summary judgment on Plaintiff's trademark infringement and related claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). This burden can be met by showing that the non-moving party will be unable to "establish the existence of an element essential to [the non-moving

party's] case, and on which [the non-moving party] will bear the burden of proof at trial." *Id.* at 322.

Once the moving party has met its burden, the burden shifts to the non-moving party to show that there *is* a genuine issue of material fact. *Id.* at 324. A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a genuine issue if the evidence would allow a reasonable jury to find for the non-moving party. *Id.* In other words, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

## DISCUSSION

Plaintiff asserts claims for trademark use, infringement, unfair competition, false designation of origin, false advertising, and dilution under the Lanham Act, 15 U.S.C. § 1051 *et seq*, and Georgia state law., O.C.G.A. §§ 10-1-421, 23-2-55, arising from Defendants use of the acronym "CCI." Plaintiff seeks compensatory damages, punitive damages, and a permanent injunction because of Defendants' use of "any trademark, service mark, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to . . . the Corrpro Trademarks and CCI® trade name and abbreviation of Plaintiff." (Compl. ¶ 96.) Specifically, Plaintiff claims that

5

Defendants have infringed upon Plaintiff's trademarks by using the letters "CCI" in connection with Defendants' business.

A claim for trademark infringement, unfair competition, and false designation of origin of a mark under the Lanham Act is established where a plaintiff shows: (1) that it has a right to the mark, and (2) that there is a likelihood of confusion among customers as to the use of the mark by Plaintiff and Defendants.[3] *See Alliance Metals, Inc., of Atlanta v. Hinely Indus., Inc.*, 222 F.3d 895, 906 (11th Cir. 2000); *Frehling Enters. Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999) (citations omitted); *Lone Star SteakHouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997). Defendants do not dispute that Plaintiff has a right to its federally registered marks.[4] Thus, the only remaining

---

[3]Defendant has moved for summary judgment on Plaintiff's state and federal trademark claims. To the extent that Plaintiff is making claims under Georgia law, those claims are evaluated under essentially the same standards as the Lanham Act. Consequently, the Court addresses any federal and state claims for trademark infringement, unfair competition, false advertising, false designation of origin, or disparagement of goods together in this one section. *Univ. of Ga. Athletic Ass'n v. Laite*, 756 F.2d 1535, 1539 n.11 (11th Cir. 1985). Thus, both Counts VII and XII are discussed in this section.

[4]Plaintiff has two federal trademark registrations:

(1) U.S. Trademark Registration No. 2545934:

CORRPRO

(2) U.S. Trademark Registration No. 2501468:



6

issue is whether there is a likelihood of confusion between Plaintiff's marks and Defendants' use of the letters "CCI."

In making a determination on likelihood of confusion, the Court considers the following factors:

> (1) the strength of the plaintiff's mark; (2) the similarity between the plaintiff's mark and the allegedly infringing mark; (3) the similarity between the products and services offered by the plaintiff and defendant; (4) the similarity of the sales methods, *i.e.*, retail outlets or customers; (5) the similarity of advertising methods; (6) the defendant's intent, *e.g.*, does the defendant hope to gain competitive advantage by associating his product with the plaintiff's established mark; and (7) the most persuasive factor on likely confusion is proof of actual confusion."

*Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1514 (11th Cir. 1984). Plaintiff claims that Defendants' use of the letter combination "CCI" creates a sufficient likelihood of confusion with Plaintiff's mark, which is a stylized verison of the letters "CCI."[5] As discussed below, the Court finds that there is little likelihood of confusion between Plaintiff's mark and Defendants' use of the plain letters "CCI." Consequently, Defendants are entitled to summary judgment on this claim.

A. Strength of Mark

There are four types of marks—generic, descriptive, suggestive, and arbitrary. *Univ. of Ga. Athletic Ass'n v. Laite*, 756 F.2d 1535, 1540 (11th Cir. 1985) (citation omitted). "Generic marks are the

---

[5]Plaintiff does not claim that Defendants have used or are using the mark "CORRPRO."

7

weakest and not entitled to protection—they refer to a class of which an individual service is a member (e.g., 'liquor store' used in connection with the sale of liquor)." *Frehling Enters. Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999) (citation omitted); *see also Laite*, 756 F.2d at 1540 (citation omitted). Descriptive marks "describe a characteristic or quality of an article or service (e.g., 'vision center' denoting a place where glasses are sold)." *Frehling Enters.*, 192 F.3d at 1335 (citation omitted). Descriptive marks are distinctive only when they have acquired secondary meaning. *Laite*, 756 F.2d at 1540 (citation omitted). A suggestive mark "subtly connotes something about the service or product." *Id.* (citation omitted). For example, "'penguin' would be suggestive of refrigerators." *Frehling Enters.*, 192 F.3d at 1335 (citation omitted). "A suggestive mark will be protected without proof of secondary meaning." *Laite*, 756 F.2d at 1540 (citation omitted). Finally, an arbitrary mark is one "that bears no relationship to the product." *Frehling Enters.*, 192 F.3d at 1335 (citations omitted). Arbitrary marks are the strongest of the four categories. *Id*.

Plaintiff's registered mark[6] is arbitrary since it bears no relationship to its products and services—products and processes for

---

[6]The Court notes that when referring to "Plaintiff's mark" it is specifically referring to the stylized lettering registered with the U.S. Patent and Trademark Office. This Order should not be interpreted to imply that Plaintiff has any rights to the standard letters "CCI."

the prevention and control of corrosion of underground storage tanks. Additionally, the fact that Plaintiff's mark is registered with the United States Patent and Trademark Office enhances the strength of the mark. *Frehling Enters.*, 192 F.3d at 1336 (citations omitted). Finally, the fact that there is no evidence of third parties using the mark makes the mark stronger.[7] *Id.* (citations omitted). Thus, the Court finds that Plaintiff's mark is strong.

  B. Similarity between Plaintiff's Mark and Defendants' use of the letters "CCI"

In evaluating the similarity of marks, the Court considers the "overall impressions that the marks create, including the sound, appearance, and manner in which they are used." *Frehling Enters.*, 192 F.3d at 1337. Here, the marks are very different. Plaintiff's mark is a stylized version of the letters CCI:



Plaintiff's mark in no way resembles the standard letters "CCI" used by Defendants, typically vertically placed:

**C**
**C**
**I**

---

[7]There is, however, evidence that numerous third parties use the plain letters "CCI." This does not diminish the strength of Plaintiff's registered mark, but it does cut against Plaintiff to the extent that Plaintiff may have been attempting to argue that it had some right to the plain/standard letters "CCI."

Additionally, both parties typically have the full name of the company written out beside their mark, which substantially reduces the likelihood of confusion. Thus, the dissimilarity of the marks greatly weighs against Plaintiff and a likelihood of confusion.

  C. Similarity between Products, Services, Customers, and Sales Methods

There is no dispute that the parties engage in the same business or have similar or the same customers. It also appears clear that the parties engage in similar or the same sales methods. Consequently, these elements weigh in favor of a likelihood of confusion.

  E. Similarity of Advertising Methods

"This factor looks to each party's method of advertising." *Frehling Enters.*, 192 F.3d at 1339. There is no evidence in the record concerning the advertising methods employed by the parties. Thus, the Court makes no finding concerning this element.

  D. Defendant's Intent

Defendants claim that they have not used Plaintiff's mark. Plaintiff claims that Defendants purposefully used a substantially similar mark to create confusion between Corrosion Control, Inc., and Corrpro. Based on the present record, the Court finds a complete lack of evidence either way on this factor; thus it will be considered a neutral factor in the Court's summary judgment analysis.

E. Actual Confusion

"[E]vidence of actual confusion is the best evidence of a likelihood of confusion." *Frehling Enters.*, 192 F3d. at 1340. Plaintiff claims that it has presented evidence of actual confusion through the depositions of Ken White, Garrett Billemeyer, Calvin Reed, and Patrick Raabe. The Court has reviewed this evidence and finds that it fails to show actual confusion between the companies as a result of the marks used by Plaintiff and Defendants. To the contrary, the testimony indicates that the witnesses understood that there was a distinction between Corrpro Companies, Inc., which is referred to as "Corrpro," and Corrosion Control, Inc., which is referred to as "CCI." Consequently, the Court finds that there is a lack of evidence of actual confusion based on the Defendants' use of the letters "CCI."

F. Weighing the Factors

Balancing the previous seven factors indicates that there is little likelihood of confusion between Plaintiff's and Defendants' marks. "[N]o reasonable jury could find that the two logos are confusingly similar because the lack of visual similarity between the two designs is overwhelming." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1208 (11th Cir. 2004) (citations omitted). Additionally, there is a lack of evidence of probable or actual confusion between the two marks. Thus, Plaintiff has failed to show a reasonable consumer would likely be confused by the two

11

marks. Accordingly, Defendants are entitled to summary judgment on Plaintiff's trademark claims.

CONCLUSION

Defendants' Motion for Partial Summary Judgment as to Plaintiff's trademark claims (Doc. 106) is granted. Defendants' Motion for Summary Judgment as to Plaintiff's remaining claims (Doc. 108) is denied.[8]

IT IS SO ORDERED, this 10th day of August, 2007.

                                          S/Clay D. Land
                                             CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE

---

[8]Also currently pending before the Court is Plaintiff's Motion to Strike (Doc. 176). Pursuant to the ruling in this Order, Plaintiff's Motion is denied as moot.