IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

CORRPRO COMPANIES, INC., *
an Ohio Corporation
 *
 Plaintiff,
 *
vs.
 * CASE NO. 3:03-CV-31 (CDL)
CRAIG K. MEIER, DEBORAH L. MEIER,
and CORROSION CONTROL, INC., *
d/b/a CCI, a Georgia Corporation
 *
 Defendants.
 *

O R D E R

The Court held its final pre-trial conference in the above captioned case on October 3, 2007. During that conference, the Court clarified the scope of its previous Order (Doc. 214) granting summary judgment on Plaintiff's Lanham Act, 15 U.S.C. § 1051 *et. seq.,* (Count VIII), and state law trademark (Count XII) claims. In that previous Order, the Court clearly explained its rationale for granting summary judgment in favor of Defendants on Plaintiff's federal trademark claims. The Court also explained in that Order that summary judgment was granted in Defendants' favor on Plaintiff's state law trademark claims under the same rationale. (Order 6 n.3, Aug. 10, 2007). At the time of that Order, the Court understood that Plaintiff's state law trademark claims were based upon the same allegations as Plaintiff's federal law trademark claims—that Defendants had infringed upon Plaintiff's registered stylized "CCI" trademark, ℂ . Therefore, since the analysis for evaluating a state law infringement

claim is the same as the analysis for a federal infringement claim, the Court summarily granted summary judgment in favor of Defendants on Plaintiff's state law trademark infringement claim for the same reasons it granted summary judgment on Plaintiff's federal infringement claim.

In preparation for the pre-trial conference, the Court recognized for the first time that Plaintiff apparently also asserts a state law claim for trade name infringement based on Defendants' use of the abbreviated letters "CCI." This claim is different from Plaintiff's trademark claim that is based upon the stylized CCI registered trademark. The Court takes this opportunity to specifically address Plaintiff's state law trade name infringement claim. The Court reaffirms its previous Order granting summary judgment in favor of Defendants on Plaintiff's federal trademark infringement claims (Count VIII) and Plaintiff's state law trademark claims (Count XII) and amends that Order by clarifying that the Court also grants summary judgment in favor of Defendants on Plaintiff's state law trade name infringement claim for the following reasons.

DISCUSSION

Plaintiff, Corrpro Companies, Inc. ("Corrpro"), maintained in Count XII that it was entitled to damages under O.C.G.A. § 23-2-55[1] which protects against unfair competition through the use of another's trade mark, name, or device. Corrpro alleged that Defendant Corrosion Control infringed upon Corrpro's two registered marks: the CORRPRO registered trademark and the registered stylized CCI symbol. Plaintiff also arguably alleges that it has a protectible interest in the abbreviated trade name "CCI." While the Court's Lanham Act rationale adequately addressed Plaintiff's state law claims relating to Corrpro's two registered trademarks, that rationale did not adequately address Plaintiff's state law trade name claim.

As recognized by the Georgia courts, "[a] trade name and a trade mark are not identical interests. A trademark functions as an identifier of goods or services, while a trade name primarily identifies the owner or operator of a business and may also be used to identify the goods handled by such owner." *Stuart Enters. Int'l, Inc. v. Peykan, Inc.*, 252 Ga. App. 231, 232, 555 S.E.2d 881, 883 (2001) (citation and internal quotation marks omitted). "A person or corporation may acquire a trade-name." *Multiple Listing Serv., Inc.*

---

O.C.G.A. § 23-2-55 states:

> Any attempt to encroach upon the business of a trader or other person by the use of similar trademarks, names, or devices, with the intention of deceiving and misleading the public, is a fraud for which equity will grant relief.

3

*v. Metro. Multi-List, Inc.*, 223 Ga. 837, 841, 159 S.E.2d 52, 54 (1968). "A trademark logo is protected from infringement upon registration with the secretary of state, while trade name protection may be acquired by long and exclusive use." *Stuart Enters.*, 252 Ga. App. at 232-233, 555 S.E.2d at 883; *see also Womble v. Parker*, 208 Ga. 378, 379, 67 S.E.2d 133, 134 (1951).

> Such trade-name is as much descriptive of the manufacturer or dealer as his own name. Infringement of the real or trade-name of an individual or corporation will be enjoined by a court of equity when a proper case is made. An infringement upon the real name or trade-name of an individual or corporation is such a colorable imitation of the name that the general public, in the exercise of ordinary care, might think that it is the name of the individual or corporation first appropriating the same. The use of such name or the infringement thereof is a fraud against the person entitled to use the same, when the infringer intends to create the impression in the minds of the public that he and the person or corporation first appropriating the name are the same.

*Multiple Listing Serv.*, 223 Ga. at 841, 159 S.E.2d at 54-55.

"Georgia protects tradenames by both common law and statute." *Future Prof'ls, Inc. v. Darby*, 266 Ga. 690, 691, 470 S.E.2d 644, 646 (1996). O.C.G.A. § 23-2-55 is a codification of the unfair competition principle regarding trade names as explained above in *Multiple Listing Service*. 223 Ga. at 841, 150 S.E.2d at 54-55. Under O.C.G.A. § 23-2-55, "[a]ny conduct the nature and probable tendency and effect of which is to deceive the public so as to 'pass off' the goods or business of one person as and for the goods or business of another . . ." is prohibited. *Morton B. Katz & Assocs., Ltd. v. Arnold*, 175 Ga. App. 278, 279, 333 S.E.2d 115, 116 (1985)

4

(citation omitted). However, "[r]elief under this section depends upon an intent to deceive." *Id.* (citation and internal quotation marks omitted).

Thus, in order to maintain a claim for trade name use or infringement under O.C.G.A. § 23-2-55 Corrpro must show: (1) it has a trade name, i.e. "CCI"; (2) that Defendant did or attempted to encroach upon Corrpro's business through the use of that trade name; and (3) that Defendant intended to deceive and mislead the public through the use of Corrpro's trade name. Corrpro alleges that as a result of "continuous" and "extensive" use it acquired a proprietary interest in the trade name "CCI." (Compl. ¶ 22.) However, in response to Defendant's Motion for Summary Judgment, Plaintiff produced no evidence from which a reasonable jury could conclude that it had exclusively and continuously used "CCI" as a trade name such that it was entitled to trade name protection. Instead, Plaintiff simply assumed that since it had an interest in the registered stylized trademark CCI, ⦅⦆ , that this standing alone provided it with a proprietary interest in the letters "CCI." As explained in the Court's previous Order, the stylized "CCI" mark, ⦅⦆ , is quite different from the alphabet letters "CCI." Therefore, the Court finds that the registered mark, ⦅⦆ , does not establish a protectible interest in the alleged trade name "CCI." Plaintiff has otherwise failed to produce any evidence that Corrpro used the abbreviation "CCI" as a trade name exclusively or for a long period of time. *Stuart Enters.*, 252 Ga. App. at 232-233, 555 S.E.2d at 883. Corrpro

has therefore failed to produce evidence of entitlement to the alleged trade name. Accordingly, Defendants are entitled to summary judgment on Plaintiff's state law trade name infringement claim.

## CONCLUSION

The Court reaffirms its August 10, 2007 Order granting summary judgment in favor of Defendants on Counts VIII (federal trademark infringement) and XII (state law trademark/trade name infringement) of Plaintiff's Complaint. This Order amends that previous Order to provide additional rationale for granting summary judgment as to Plaintiff's state law trade name infringement claim.

IT IS SO ORDERED, this 5th day of October, 2007.

/s/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
